UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Linda Baldwin, | Case No.: 2:24-cv-01208-JAD-MDC |
| Plaintiff | |
| v. | **Order Denying Requests for Default Judgment** |
| Nevada Attorney for Injured Workers, et al., | [ECF Nos. 8, 9] |
| Defendants | |

Pro se plaintiff Linda Baldwin filed this action against "Ms. Adams" and the Nevada Attorney for Injured Workers, apparently asserting claims for violations of her Fourteenth Amendment rights and Title II of the Americans with Disabilities Act (ADA). Because she is proceeding in forma pauperis, her complaint was screened.[1] The magistrate judge found that Baldwin failed to state any claim and dismissed Baldwin's complaint with leave to file an amended ADA claim.[2] The magistrate judge's order explains to Baldwin that "[t]he Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable," making it clear that Baldwin is not yet permitted to serve the defendants with process.[3]

Baldwin filed an amended complaint and claims that she served it on the defendants.[4] She then filed two proposed orders in an attempt to prompt this court to enter default judgment against the defendants.[5] This is procedurally improper and a default judgment is thus

---

[1] ECF No. 2.
[2] *Id*.
[3] *Id*. at 10.
[4] *See* ECF No. 9 at 1.
[5] ECF Nos. 8, 9.

unavailable to Baldwin. The primary problem is that the submission of a proposed order is not the proper way to get the court to take action. This court can take action only in response to a properly filed motion that is supported by a memorandum of points and authorities.[6]

To the extent that I liberally construe these proposed orders as requests for the court to enter default judgment against the defendants, that relief is not currently available. A default judgment is not available unless and until the Clerk of Court enters a default against a defendant, and that has not happened here.[7] Indeed, the Clerk of Court could not enter a default against the defendants in this case because they have not been served with legal process. Legal process consists of the complaint *and a court-issued summons*. Because this court has not issued any summons in this case, the plaintiff cannot effectuate proper service.

IT IS THEREFORE ORDERED that the plaintiff's requests for the entry of a default judgment **[ECF Nos. 8, 9] are DENIED**. Baldwin is cautioned that the court has not yet screened her amended complaint to determine if she can proceed with this action, so any attempt to serve the defendants or seek further relief against them will continue to be premature until that screening has occurred and the court has ordered summonses to issue.

_____
U.S. District Judge Jennifer A. Dorsey
January 8, 2025

---

[6] See Local Rule 7-2.

[7] As the Ninth Circuit Court of Appeals explained in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), Rule 55 of the Federal Rules of Civil Procedure requires a "two-step process" consisting of: FIRST asking the clerk of court to enter default against the non-answering defendant; and then SECOND, after the clerk has entered default, filing a motion asking the judge to enter default *judgment*.