# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Linda Baldwin,

             Plaintiff(s),

vs.

Nevada Attorney for Injured Workers Nevada, et al.,

             Defendant(s).

2:24-cv-01208-JAD-MDC

**ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE**

Pending before the Court is plaintiff's Amended Complaint (ECF No. 7). For the reasons stated below, the Court DISMISSES plaintiff's Amended Complaint without prejudice.

## DISCUSSION

### I. BACKGROUND

Plaintiff initiated this action on July 3, 2024, by filing an IFP application (ECF No. 1) and her original Complaint (ECF No. 1-1). On August 8, 2024, the Court granted plaintiff leave to proceed *in forma pauperis* and screened plaintiff's original Complaint. ECF No. 2. The Court dismissed plaintiff's § 1983 claims as being barred as a matter of law but dismissed plaintiff's ADA claims without prejudice and with leave to amend. *Id.* The Court ordered plaintiff to file an Amended Complaint, addressing the defects in her Complaint. *Id*. Specifically, the Court ordered plaintiff to cure her failure to sign and to submit an Amended Complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff filed her Amended Complaint on November 21, 2024[1]. ECF No. 7.

### II. AMENDED COMPLAINT

  **A. Legal Standard**

When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e)

---

[1] Plaintiff sought, and the Court granted, an extension to file the Amended Complaint. *See* ECF Nos. 3, 4.

states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

**B. Analysis**

Plaintiff's Amended Complaint still contains several defects. Plaintiff has failed to establish that she is disabled under the ADA. Therefore, plaintiff has failed to establish a *prima facie* case of discrimination. Furthermore, plaintiff's claims against NAIW and Ms. Adams reads more as a common law malpractice claim, rather than a discrimination claim. Finally, plaintiff's claims against the hearing officers Berens and York are barred by judicial immunity.

### a. Jurisdiction

Plaintiff appears to conflate the requirements of diversity jurisdiction and federal question jurisdiction as she references a jurisdiction amount but also references federal statutes. Plaintiff either mistakes that a jurisdictional amount is required when there is federal question jurisdiction, or plaintiff is alleging that jurisdiction exists under both federal question jurisdiction and diversity jurisdiction. For clarity of the records, the Court discusses both jurisdictional requirements below.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse *and* [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

### i. Diversity Jurisdiction

Plaintiff has failed to establish diversity jurisdiction. Diversity jurisdiction requires complete diversity as between plaintiffs and defendants. *Neiman v. Barazani*, 2023 U.S. App. LEXIS 19756, at *2

(9th Cir. 2023) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Id.* (internal citations omitted). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Plaintiff names as defendants Tara Adams, Esq.; Mercer Berens, Hearing Officer; and Charles York, Esq., Appeal Officer. All defendants are Nevada citizens as they are either employed or affiliated with a Nevada State Agency. *See* ECF No. 7 (naming Nevada Attorney for injured Workers and Nevada Department of Administration Hearing). Therefore, the "jurisdictional amount" is irrelevant because there is no diversity of citizenship. Thus, plaintiff can only bring her claims under federal-question jurisdiction, which is also lacking.

### ii. Federal Question Jurisdiction

Although unclear, it appears plaintiff has made at least some showing that she is proceeding under federal question jurisdiction. "The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)).

Plaintiff asserts that she is bringing her action under Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), and Title VI of the Civil Rights Act. However, the majority of plaintiff's Complaint discusses her Title II claim, with little to no

reference to the other statutes.   Plaintiff also fails to establish that she is disabled.  Plaintiff is reminded that federal question jurisdiction requires the federal question to be presented on the face of her complaint. This means that it must be clear which statute or statutes provides this Court with jurisdiction.

### b. Rule 8 – Notice Pleading

The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner.").

A properly pled complaint must provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This "notice pleading" standard requires plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little…. The Rule is also violated, though, when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citations omitted); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

**i. Americans With Disabilities Act ("ADA")**

Plaintiff has failed to establish a *prima facie* case under the ADA. As the Court previously noted, to state *prima facie* claim under Title II of the ADA, plaintiff must allege sufficient facts that establish each of the following four elements:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal citations omitted).

Plaintiff asserts that the "mobility impairment at issue constitutes a disability under 42 U.S.C. § 12102." However, plaintiff neither specifies what her alleged mobility impairment actually is, nor does she articulate how it "substantially limits" one or more major life activities. *See* 42 U.S.C. § 12102(1) (defining disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment."); *see also Brody v. ITT Educ. Servs.*, 2011 U.S. Dist. LEXIS 39363, at *11 (D. Nev. March 30, 2011) ("Merely having an impairment does not make one disabled for purposes of the ADA.") (internal citations omitted); *Bell v. University of California Davis Medical Center*, 2013 U.S. Dist. LEXIS 64594, at *10 (E.D. Cal. May 6, 2013) ("While the court presumes, based on vague statements in the SAC, that plaintiff suffers from anemia, it is plaintiff's responsibility to allege his disability with specificity."). Plaintiff is reminded that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not meet the pleading requirements of Rule 8. *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). Thus, plaintiff's conclusory statements that the "mobility impairment constitutes a disability," without more, is not enough to establish the presence of a disability for the purposes of the ADA. For the same reasons, any claims plaintiff has against the defendants fails. Plaintiff's mere conclusory statements that the defendants' actions constituted discrimination are not enough to establish ADA violations. Moreover, plaintiff's claim seems to arise from her disagreement

over denial of worker's compensation benefits, and not a failure to accommodate some established disability. Plaintiff has failed to establish a connection between her "disability" and the defendants' actions. Instead, plaintiff's action is apparently an attempt to appeal an unfavorable worker's compensation claim determination, which is not necessarily an ADA claim. *See e.g., McGowan v. Washin. Dep't of Labor & Inds.*, 362 Fed.Appx. 883, 884 (9th Cir. 2010) (holding that the district court properly granted summary judgment on the ADA claim because plaintiff failed to raise a triable issue as to whether he was denied workers' compensation because of a disability). In other words, plaintiff has not sufficiently alleged an ADA claim. Specifically, she did not allege facts to support each one of four requisite elements of an ADA claim (identified above). *See O'Guinn*, 502 F.3d at 1060. Therefore, the Court dismisses plaintiff's ADA claims for failing to comply with Rule 8 and to make a *prima facie* showing that she is disabled.

### c. Malpractice

Plaintiff's claims against the Nevada Attorney for Injured Workers (NAIW) resembles a malpractice claim more so than an ADA claim. According to plaintiff, Ms. Adams was her appointed counsel in her workers' compensation proceedings. *See* ECF No. 7 at 10. Plaintiff allegations against Ms. Adams seem to stem from her apparent failure to act and disagreement about how Ms. Adams' represented plaintiff, and not some failure to accommodate an established disability. *See e.g.,* ECF No. 7 at 10:313-14 ("Ms. Tara Adams did not request an affirmation under NRS or a signed affidavit…"); ECF No. 7 at 10:325-26 ("Ms. Adam[s] never question[ed] the unstamped letter from the Carrier…"). Plaintiff alleges that "Ms. Adams prevented [her] from a fair trial because of her neglect and prejudice under Title II of the [ADA] and failure to accommodate her in disability by refusing [to] request further information concerning [plaintiff's] job assignment." ECF No. 7 at 11:342-44. Plaintiff alleges that "Ms. Tara Adams [] failed to provide her with good[s] and services." ECF No. 7 at 11:359-360. However, the only thing that connects Ms. Adams's actions and plaintiff's claims are plaintiff's conclusory statement.

Plaintiff allegations against Ms. Adams, without showing more, reads as a common law malpractice claim rather than an ADA claim.

The Court reminds plaintiff that attorney malpractice claims are a matter of state law. *See Villalobos v. Milone*, 2014 U.S. Dist. LEXIS 181358, *3 (D. Nev. Nov. 5, 2014) ("[S]tate courts generally adjudicate claims for attorney malpractice, and this Court does not have subject matter jurisdiction over the claim."). Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring her state law claim of attorney malpractice under the ADA because her federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Further, to the extent that NAIW, as a state agency, is afforded Eleventh Amendment immunity, the Ninth Circuit has held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *See Stanley v. Trs. Of the Cal. State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims"). Thus, to the extent that plaintiff asserts malpractice claims against either Ms. Adams or the NAIW, those claims are dismissed for lack of jurisdiction.

### d. Claims Against Nevada Department of Administration

To the extent that plaintiff alleges ADA claims against the Hearing Officer and the Appeals Board, the Court reiterates its position that plaintiff has failed to establish that she is disabled under the ADA, and that these defendants somehow failed to accommodate her established disability. Instead, plaintiff's claims arise from her disagreement with the Hearing Officer and the Appeals Board denying her worker's compensation claims. Plaintiff's is essentially appealing the decision by the Workers' Compensation Board. Plaintiff, however, not only failed to plead such relief under the notice pleading standard of Rule 8 but, more importantly, failed to establish that this court has jurisdiction to adjudicate such appeal.

Even if plaintiff established disability, her claims would be barred by judicial immunity. Judicial officers are entitled to absolute immunity from civil liability for acts committed within their judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1947); *see also O'Neil v. Lake Oswego*, 642 F.2d 367 , 369 (9th Cir. 1981) ("[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the 'clear absence of all jurisdiction.'"). Furthermore, judicial immunity applies to hearing and review officers like. *See, e.g., Demoran v. Witt*, 781 F.2d 155, 156-57 (9th Cir. 1985) (noting that "judicial immunity has been extended to federal hearing officers[,] administrative law judges, . . . and state parole officers"). The Ninth Circuit has held that judicial immunity applies to actions brought under the ADA. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) (applying judicial immunity in action alleging superior court judge's in-court comments violated Title II of the ADA); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (finding ADA claim based on judge's failure to accommodate hearing impairment during state court proceedings barred by judicial immunity). Thus, plaintiff's ADA claims against her hearing officer and the appeals board is barred as a matter of law.

**III. NOTICE TO PLAINTIFF**

Plaintiff included over two hundred pages of documents in addition to her complaint. Several of those documents contain personal identifiable information. Plaintiff is reminded that pursuant to LR IC 6-1, such information must be redacted prior to uploading onto the docket. The Clerk's Office will not review each submission for compliance with these requirements. That responsibility rests solely on the parties.

## IV. CONCLUSION

Plaintiff has failed to cure the defects in her original Complaint. Therefore, the Court dismisses her Amended Complaint.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's Amended Complaint (ECF No. 7) is dismissed in its entirety, but without prejudice and with leave to amend.

2. Plaintiff has until **February 28, 2025**, to file a Second Amended Complaint curing the defects of her Amended Complaint.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

4. If plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

5. The Clerk of Court is kindly directed to **seal** plaintiff's Amended Complaint (ECF No. 7) as it contains several personal identifiers.

DATED this 29th day of January 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.