# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Linda Baldwin,<br><br>    Plaintiff<br><br>v.<br><br>Nevada Attorney for Injured Workers, et al.,<br><br>    Defendants | Case No.: 2:24-cv-01208-JAD-MDC<br><br>**Order Directing Filing of Third Amended Complaint by June 27, 2025**<br><br>[ECF Nos. 12, 13, 14, 17] |

Pro se plaintiff Linda Baldwin sues the Nevada Attorney for Injured Workers, the State of Nevada Department of Administration Hearing Division, and the State of Nevada Department of Administration Hearing Appeals Division for events related to the denial of worker's compensation benefits. Because she is proceeding *in forma pauperis*, her pleading was screened.[1] The magistrate judge found that Baldwin's amended complaint fails to establish a prima facie Americans with Disabilities Act (ADA) claim because she does not identify what her claimed "mobility impairment" is or how it substantially limits a major life activity.[2] The magistrate judge further observed that "plaintiff's claim seems to arise from her disagreement over denial of worker's compensation benefits, and not a failure to accommodate some established disability," so she has "failed to establish a connection between her 'disability' and the defendants' actions."[3] He concluded that this action "is apparently an attempt to appeal an unfavorable worker's compensation claim determination, which is not necessarily an ADA claim."[4]

---

[1] ECF No. 2.

[2] ECF No. 11 at 6.

[3] *Id*. at 7.

[4] *Id*.

The magistrate judge then noted that some of Baldwin's allegations appear to state a legal malpractice claim against the Nevada Attorney for Injured Workers.  But there is no such claim under the ADA.  Legal malpractice claims arise under state law, so the magistrate judge declined to exercise supplemental jurisdiction over this one.[5]

Finally, the magistrate judge found that Baldwin's claim against the Hearing Officer and the Appeals Board is a de facto appeal of the decision by the Workers' Compensation Board, which cannot arise under the ADA.  Even if Baldwin had pled the necessary elements of an ADA claim against these officers, he explained, those claims would be barred by the doctrine of judicial immunity.[6]

So the magistrate judge dismissed all of Baldwin's claims with leave to file a second amended complaint by February 28, 2025, if she could cure the defects in her first amended complaint.[7]  Baldwin filed an objection to the magistrate judge's order, a second amended complaint, and an amended objection.[8]

**A.     Baldwin's objections are overruled.**

Baldwin's first objection seems to suggest that her malpractice claim is brought under the Federal Tort Claims Act.[9]  While this may have been her intention, it is certainly not clear by the way she's crafted the amended complaint.  When deciding whether or not to dismiss a claim during the screening process, the court is generally bound by the facts and allegations contained

---

[5] *Id*. at 8.

[6] *Id*. at 8–9.

[7] *Id*. at 10.

[8] ECF Nos. 12, 13, 14.

[9] ECF No. 14 at 3.

within the four corners of the complaint.[10]  Because it was not apparent from the structure of and allegations in the amended complaint that Baldwin intends to bring a malpractice claim under the Federal Tort Claims Act, the magistrate judge did not err by failing to characterize it as such.

Baldwin's next objection is "that she enforced a default Judgement [sic] against the Defendants by amending the judgment with a sworn affidavit."[11]  This court denied Baldwin's requests for a default judgment because no defendant was actually in default.[12]  Because this case remains in the screening phase, Baldwin has not yet been authorized to serve any of her pleadings on any defendant and thus no obligation for any defendant to respond has arisen.  So Baldwin is not entitled to the entry of default or a default judgment against any defendant at this time.

Next, Baldwin provides three pages of details about how the denial of workers' compensation benefits makes the defendants "liable" for intentional infliction of emotional distress.[13]  She writes that the defendants' "tortious actions constitute an actionable tort, separate and apart from" their statutory obligations under "the Texas Workers Compensation Act."[14]  Again, if Baldwin intended to assert a claim for intentional infliction of emotional distress, this

---

[10] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[11] ECF No. 14 at 5.

[12] *See* ECF No. 10.

[13] *Id*. at 5–7.

[14] *Id* at 7.

was not made clear by her amended complaint, which contains only the following labeled causes of action:

STANDING
FIRST CAUSES OF ACTION INJUCTION

COUNT ONE: VIOLATION OF TITLE 11 OF ADA

While there are many more headings within the complaint, these are the only theories that are labeled as causes of action or counts.[15] If Baldwin's intent is to object that the magistrate judge did not find that she had pled a viable claim for intentional infliction of emotional distress, that objection is overruled because the complaint does not contain such a claim.

Finally, Baldwin objects that the defendants should have been served with and compelled to answer her complaint before it was screened.[16] But that's not how this works. When a party seeks permission to pursue a civil case *in forma pauperis*, the court screens the complaint under 28 U.S.C. § 1915(e). The purpose of this early judicial-screening requirement is "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding."[17] For this reason, the adversarial process—with the inclusion of the defendant—does not start until the court has determined that the plaintiff has stated a colorable claim. Because Baldwin has not yet

---

[15] *See* ECF No. 7.

[16] ECF No. 14 at 8.

[17] *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)); *See also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (noting that a central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit.").

pled a colorable claim, this case has not advanced beyond the screening process and no

defendant is yet obligated to answer.  Baldwin's objections are thus overruled.

**B.    Baldwin will be given leave to amend her complaint in light of the clarifications in this order.**

Baldwin's second amended complaint was filed timely, but she did not have the benefit of the clarifications above when drafting it.  The only two causes of action she labels as such are "STANDING.  FIRST CAUSES OF ACTION INJUNCTION"[18] and "COUNT TWO: VIOLATION OF TITLE 11 OF ADA."[19]  I also note that although the magistrate judge warned Baldwin not to attach "documents contain[ing] personal identifiable information" like medical records and social security numbers to her complaint,[20] she again attached more than two hundred pages of exhibits that contain personal identifiers.  Finally, the filing of 263 pages as a single chunk, without separating out and individually filing each exhibit, violates Local Rule IC 2-2(a)(3)(A).  That rule states that "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system.  They must be attached as separate files."  Local Rule IA 10-3 further requires that all exhibits and attachments "be paginated," and "[a]n index of exhibits must be provided."

In the interests of justice, I grant Baldwin leave to file a third amended complaint by June 27, 2025, that takes into consideration the clarifications in this order, redacts (blacks out) all personal identifying information from the body of the complaint and any exhibits to it, and ensures that exhibits are filed in compliance with the local rules.  Her failure to redact personal

---

[18] ECF No. 13 at 6.

[19] Id. at 13.

[20] ECF No. 11 at 9.

identifying information may result in future documents being struck without prior notice.  It is also recommended, for clarity, that Baldwin identify each separate claim that she intends to plead with a clear heading and label that identifies the number of the claim, the legal theory or statute on which it is based, and who the claim is asserted against.  This should look something like:

<u>First Claim for Relief</u>
Legal Malpractice under the Federal Tort Claims Act
against Nevada Attorney for Injured Workers

<u>Second Claim for Relief</u>
Disability Discrimination under
Title II of the ADA
against Nevada Attorney for Injured Workers

<u>Third Claim for Relief</u>
Intentional Infliction of Emotional Distress
against [name of the defendant this claim is asserted against]
. . .

Under each claim, Baldwin should include the facts and related authority on which she bases each claim.  A clear organization structure will help the court screen her claims more quickly and accurately.

**C.    Motion for leave to file amended complaint**

Unhappy with the magistrate judge's rulings, Baldwin moved for his recusal.[21]  The magistrate judge denied that motion, explaining that a judge's ruling is not a proper basis for recusal.[22]  Baldwin then filed a motion titled "Plaintiffs' Motion for Leave to File Amended Complaint" on April 22, 2025.[23]  But it appears that what she really wants to do is file an amended motion for recusal that adds the undersigned judge as a target of her recusal request

---

[21] ECF No. 15.

[22] ECF No. 16.

[23] ECF No. 17.

because what she attaches to the motion is titled "AMENDED RECUSAL."[24]  The request to amend is denied.  Because the magistrate judge's order denying the original motion for recusal has been decided, there is no active recusal motion left to amend.

**Conclusion**

IT IS THEREFORE ORDERED that Baldwin's objections **[ECF Nos. 12, 14] are OVERRULED**, **and** her motion to amend **[ECF No. 17] is DENIED.**

IT IS FURTHER ORDERED that Plaintiff Linda **Baldwin has until June 27, 2025, to file a third amended complaint** that cures the deficiencies identified in the magistrate judge's January 29, 2025, order [ECF No. 11] and in the clarifications above.  If she does not file a third amended complaint by June 27, 2025, the court will proceed with the screening of her second amended complaint [ECF No. 13].  Screening may take several months.  **Baldwin is reminded that personal identifying information must be redacted (blacked out from) future filings**, and any filings that violate this instruction may be struck without further prior notice.  **The Clerk of Court is directed to SEAL ECF No. 13** because it contains personally identifying information throughout.

_____
U.S. District Judge Jennifer A. Dorsey
May 27, 2025

---

[24] ECF No. 17-2.