**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Linda Baldwin,<br>Plaintiff,<br>vs.<br>Nevada Attorney for Injured Workers Nevada, *et al.*,<br>Defendants. | Case No. 2:24-cv-01208-JAD-MDC<br><br>**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 27)** |

Pending before me is plaintiff's Third Amended Complaint (ECF No. 27). I **RECOMMEND** that plaintiff's Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**. I **FURTHER RECOMMEND** that the Clerk of Court **STRIKE** plaintiff's Third Amended Complaint from the docket in this case. My reasoning is as follows.

**DISCUSSION**

**I. BACKGROUND**

Plaintiff initiated this action by filing an IFP application (ECF No. 1) and her original Complaint (ECF No. 1-1). I granted plaintiff leave to proceed *in forma pauperis* and screened plaintiff's original Complaint. *ECF No. 2*. I dismissed her original Complaint without prejudice and with leave to amend. *Id.* Plaintiff filed her First Amended Complaint. *ECF No. 7*. I screened the First Amended Complaint, found that plaintiff failed to cure the deficiencies in her original Complaint, and again dismissed the complaint without prejudice and with leave to amend. *ECF No. 11*. Plaintiff then filed a Second Amended Complaint. *ECF No. 13*. While the Second Amended Complaint was awaiting screening, the assigned District Judge gave plaintiff a third opportunity to amend her complaint for screening and

outlined the clarifications she should make in her Third Amended Complaint. *ECF No. 18*. Plaintiff has filed her Third Amended Complaint, which I screen here. *ECF No. 27*.[1]

## II. THIRD AMENDED COMPLAINT

### A. Legal Standard

When a plaintiff seeks to proceed IFP, courts must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from

---

[1] The District Judge directed plaintiff to file the Third Amended Complaint by June 27, 2025. *Id.* Plaintiff filed her Third Amended Complaint on June 30, 2025. *ECF No. 27*. However, given the circumstances of this case and the fact that *pro se* plaintiff is manually filing documents via US Mail, I exercise my discretion and find that plaintiff timely filed her Third Amended Complaint. *See Empire Fire & Marine Ins. Co. v. Brooks*, No. 2:21-CV-289 JCM (EJY), 2024 WL 776435, at *4 (D. Nev. February 23, 2024) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)), *aff'd sub nom. Empire Fire & Marine Ins. Co. v. Rodriguez*, No. 24-1419, 2025 WL 101070 (9th Cir. January 15, 2025)).

the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

**B. Analysis**

Plaintiff failed to address the deficiencies in her prior complaints and both mine and the District Judge's directives for clarification. Plaintiff has not, and cannot, plausibly allege a *prima facie* American with Disabilities Act claim ("ADA") or any other claims that pass screening.

**a. Subject Matter Jurisdiction**

As in her prior complaints, plaintiff again conflates the requirements of diversity and federal question jurisdiction as she references a jurisdiction amount but also references federal statutes. I previously laid out the relevant standards for both diversity and federal question jurisdiction. *ECF No. 11* at 3. For the benefit of plaintiff, I again discuss both jurisdictional requirements below.

**i. Diversity Jurisdiction**

Plaintiff has not established diversity jurisdiction in her Third Amended Complaint. Diversity jurisdiction requires complete diversity between plaintiffs and defendants. *Neiman v. Barazani*, No. 22-15843, 2023 WL 4891981, at *1 (9th Cir. August 1, 2023) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Id.* (citations omitted). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Id.* "A

person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*

Plaintiff names as defendants Tara Adams, Esq.; Mercer Berens, Hearing Officer; and Charles York, Esq., Appeal Officer. All defendants are Nevada citizens as they are either employed or affiliated with a Nevada State Agency. *See ECF No. 27*. Plaintiff fails to allege facts showing that she is a citizen of any state outside Nevada. When screening complaints, courts only consider the matters that are alleged in the complaint. In determining the issue of diversity jurisdiction, I considered that plaintiff alleged she was a Nevada resident in her Third Amended Complaint (*ECF No.* 27 at 2) and did not consider that plaintiff filed a Notice of Change of address listing a Florida address (ECF No. 23) before she filed her Third Amended Complaint. *See Docket*; *ECF No. 27* at 1.[2]

Plaintiff has an obligation to expressly allege all the facts necessary in her Third Amended Complaint to establish jurisdiction. While *pro se* plaintiff's filings are liberally construed, I decline to assume arguments and statements not made by plaintiff. *See Coney v. Lozo*, No. 2:23-cv-01645-CDS-EJY, 2024 WL 2271553, at *2 (D. Nev. May 20, 2024) (stating [c]ourts are not required to conjure allegations on behalf of *pro se* filers."); *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011) (stating "[t]he courts cannot assume the role of advocates and create arguments never made."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) (stating "while courts liberally construe *pro se* pleadings… judges are not also required to construct a party's legal arguments for him." (citation omitted)). In sum, plaintiff failed to establish complete diversity between herself and defendants in this case. The "jurisdictional amount" that plaintiff refers to (ECF No. 27 at 3) is irrelevant because plaintiff has not established a diversity of citizenship

---

[2] Plaintiff filed other change of address notices subsequent to her Third Amended Complaint listing Texas, Florida and Nevada mailing addresses. *See ECF Nos. 38*, *40*, *42*, *43*. Moreover, mailing addresses may not necessarily establish residency for diversity purposes because residency is determined by a party's state of domicile not just mailing address. *See Kanter*, 265 F.3d at 857.

between herself and defendants. Therefore, plaintiff has not shown that diversity jurisdiction exists in this case.

**ii. Federal Question Jurisdiction**

"The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).

As explained below, plaintiff fails to state a plausible claim that presents a federal question.

**b. Rule 8 – Notice Pleading**

A properly pled complaint must provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This "notice pleading" standard requires plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little…. The Rule is also violated, though, when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citations omitted); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Plaintiff's Third Amended Complaint does not clarify the ambiguities from her prior complaints that both judges have identified. Plaintiff again appears to allege grievances under Title II of the American with Disabilities Act ("ADA"), the Federal Tort Claims Act ("FTCA") for negligence, and 42

U.S.C. § 1983. *ECF No. 27* at 2-3. However, plaintiff does not allege these claims with the minimum clarity required by Rule 8 and I therefore recommend dismissal for the reasons below.

**i. Plaintiff's ADA Claim**

Plaintiff fails to establish a *prima facie* case under the ADA. To state *prima facie* claim under Title II of the ADA, plaintiff must allege sufficient facts that establish each of the following four elements:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal citations omitted).

Plaintiff asserts that the "mobility impairment at issue constitutes a disability under 42 U.S.C. § 12102." *ECF No. 27* at 22. She also lists that she had various injuries on the left side of her body and right elbow. *ECF No. 27* at 11. Preliminarily, plaintiff does not articulate how these alleged impairments "substantially limits" one or more major life activities. *See ECF No. 27*; 42 U.S.C. § 12102(1) (defining disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment."); *see also Bell v. University of California Davis Med. Ctr.*, No. 2:11-cv-1864 MCE AC PS, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013) ("While the court presumes, based on vague statements in the SAC, that plaintiff suffers from anemia, it is plaintiff's responsibility to allege his disability with specificity."). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not meet the pleading requirements of Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). Thus, plaintiff's conclusory statements that the "mobility impairment constitutes a disability" and a description of her injuries is not enough to establish the presence of a disability for the purposes of the ADA.

Substantively, plaintiff's claim is not a disability claim but an appeal of a Nevada agency determination. As with her prior complaints, plaintiff's ADA claim in her Third Amended Complaint arises from her disagreement over denial of Nevada worker's compensation benefits. Plaintiff filed a worker's compensation claim requesting temporary total disability ("TTD") worker compensation benefits. In support of that TTD claim, plaintiff claimed she suffered from chronic pain in her knees and back, which plaintiff later attempted to expand to include mental anguish. *ECF No. 27* at 9. Plaintiff's TTD worker compensation benefits claim was ultimately denied. *Id.* at 10. The administrative hearing judge determined that the evidence did not establish any total temporary disabilities. *Id.* Plaintiff disagrees with that denial and is now effectively appealing to this Court to reverse that denial. This Court does not have jurisdiction to review denial of her Nevada TTD claim. *See Serrano v. California*, 71 F. App'x 651, 652 (9th Cir. 2003) ("The district court lacked jurisdiction over Serrano's action because it sought review of a final state court judgment dismissing Serrano's petition for review of the Workers' Compensation Appeals Board's denial of his workers' compensation claim.") (citing *Olson Farms, Inc. v. Barbosa,* 134 F.3d 933, 936 (9th Cir.1998), which held that a claim filed with a state agency that receives a final state court judgment is barred from federal district court review).

Plaintiff attempts to couch her grievance as claim for ADA violation. However, plaintiff does not allege any facts that defendants failed to accommodate an established disability while she pursued her TTD claim in the Nevada administrative court process or any other facts that support the elements of an ADA claim. Plaintiff instead claims that the Nevada administrative court system and her worker's compensation lawyer committed disability discrimination and failed to accommodate her disabilities because she did not prevail in her TTD claim. In other words, plaintiff alleges that (a) she suffered a work injury; (b) which resulted in a disability; (c) for which she believes she is entitled to TTD benefits; and (d) the Nevada administrative law judge denial of her TTD claim violated her rights under the ADA. These facts do not establish the elements of an ADA claim. *See O'Guinn*, 502 F.3d at 1060. These facts

show that plaintiff is attempting to appeal the Nevada administrative law judge's decision. In sum, plaintiff's circumstances do not support an ADA claim. *See, e.g.*, *McGowan v. Washin. Dep't of Labor & Inds.*, 362 Fed.Appx. 883, 884 (9th Cir. 2010) ("The district court properly granted summary judgment on the Due Process Clause claim because McGowan failed to raise a triable issue as to whether he had a property interest in his claimed workers' compensation benefits, or that, even if he had a property interest, he was not afforded adequate due process."). Therefore, I recommend dismissal of plaintiff's ADA claims.[3]

**ii. Plaintiff's Other Claims**

The District Judge assigned to this case outlined how plaintiff should identify each separate claim that she intends to plead in her Third Amended Complaint. *ECF No. 18* at 6. Plaintiff's Third Amended Complaint remains unclear and is hard to follow. First, she does not separately identify or separate her causes of action. The District Judge previously informed plaintiff that she should state her causes of action in the following example:

First Claim for Relief
Legal Malpractice under the Federal Tort Claims Act against Nevada Attorney for Injured Workers
Second Claim for Relief
Disability Discrimination under Title II of the ADA against Nevada Attorney for Injured Workers
Third Claim for Relief
Intentional Infliction of Emotional Distress against [name of the defendant this claim is asserted against]

*See ECF No. 18 at 6.*

---

[3] I further note that to the extent that plaintiff is bringing ADA claims against defendants Mercer W. Berens and Charles York in their official capacities as hearing officer and appeal officer, her claims are barred by judicial immunity. Judicial immunity applies to hearing and appeal officers like defendants Berens and York. *See, e.g.*, *Demoran v. Witt*, 781 F.2d 155, 156-57 (9th Cir. 1985) (noting that "judicial immunity has been extended to federal hearing officers[,] administrative law judges, . . . and state parole officers"). The Ninth Circuit has also held that judicial immunity applies to actions brought under the ADA. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Thus, plaintiff's ADA claims against her hearing officer and appeals officer are barred as a matter of law.

Plaintiff did not follow these directives. Instead, she lumped several claims under one "Cause of Action" heading:

> CAUSES OF ACTION
>
> Negligent Exceptions to FTCA Liability: The FTCA allows claims based on negligence, it has specific exceptions and under the American disability Act II ADA.

*ECF No. 27* at 3.

Plaintiff then subsequently identifies only one (1) "Count" for ADA violation, without identifying any negligence or FTCA:

> COUNT ONE: VIOLATION OF TITLE 11 OF ADA
>
> Plaintiff adopts and re-alleges the allegations stated in the preceding paragraphs as fully stated herein. 37.42 U.S.C. § 12182(a) prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or lease to); or operates a place of public accommodation." 38.42 U.S.C. § 12188(a) provides for a private cause of action against such discrimination. The mobility impairment at issue constitutes

*ECF No. 27* at 22.

Ultimately, plaintiff spends most of the Third Amended Complaint discussing only her ADA claim, with little to no references to the FTCA and 42 U.S.C. § 1983. *ECF No. 27*. Even construing her Third Amended Complaint liberally, plaintiff does not adequately lay out a claim under the FTCA or any other legal authority that gives defendants fair notice under Rule 8. *See Twombly*, 550 U.S. at 555; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (stating that when deciding whether to dismiss

a claim during the screening process, courts are generally bound by the facts and allegations within the four corners of the complaint).

Plaintiff also does not name any federal agencies or actors that committed a tortious action under the FTCA. "FTCA is a statutory scheme that permits a plaintiff to bring a claim against the United States for tortious acts committed by federal actors." *Spikes v. Simpson*, No. 2:23-cv-02128-CDS-MDC, 2025 WL 1000583, at *1 n.1 (D. Nev. March 31, 2025); *see* 28 U.S.C. § 2674. The FTCA thus does not apply here because plaintiff only alleges that state actors committed tortious actions causing injury against her. *See Spikes*, 2025 WL 1000583, at *1 n.1. Moreover, I have already stated that plaintiff's § 1983 claims were barred as a matter of law. *See ECF No. 2*.

Altogether, I recommend dismissal of plaintiff's FTCA, 42 U.S.C. § 1983, and any other federal claims to the extent that she makes any in her Third Amended Complaint.

**c. Plaintiff's State Law Claims**

Construing the Third Amended Complaint liberally, plaintiff also appears to make state law claims for legal malpractice against defendants from the Nevada Attorney for Injured Workers ("NAIW"). *See ECF No. 27* at 15-19. I previously advised plaintiff that legal malpractice claims are state law matters. *See ECF No. 11* at 9 (citing *Villalobos v. Milone*, No. 2:14-cv-01262-RFB-NJK, 2014 U.S. Dist. LEXIS 181358, at *3 (D. Nev. November 5, 2014) (stating that "state courts generally adjudicate claims for attorney malpractice, and this Court does not have subject matter jurisdiction over the claim.")). Although supplemental jurisdiction could otherwise allow this claim to proceed, plaintiff cannot bring her state law claim of attorney malpractice as she has not established that diversity or federal question jurisdiction applies in this case. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Thus, to the extent that plaintiff asserts

malpractice claims against defendants from the NAIW, I recommend dismissal of those claims for lack of jurisdiction.

**d. No Further Leave to Amend**

While I am sympathetic to plaintiff's alleged grievances, she has not been able to assert a claim that gives this Court jurisdiction (authority) to adjudicate them, despite multiple opportunities. It is reasonably clear to me that further amendment would be futile and thus, I recommend dismissal without further leave to amend. Plaintiff may pursue any state claims in the Nevada state courts.

## III. I RECOMMEND THAT THE CLERK OF COURT STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff once again included over two hundred pages of documents appended to her Third Amended Complaint that contain unredacted personal identifiable information. The District Judge and I have previously warned plaintiff that such information must be redacted prior to uploading onto the docket pursuant to Local Rule IC 6-1. Moreover, plaintiff again filed these documents as a single chunk, without separating out and individually filing each exhibit in violation Local Rule IC 2-2(a)(3)(A). The Clerk's Office will not review each submission for compliance with these requirements. That responsibility rests solely on the parties. To protect plaintiff's personal identifiable information, I also recommend that the Clerk of Court strike plaintiff's Third Amended Complaint from the docket in this case.

//

//

//

//

//

//

## IV. CONCLUSION AND REPORT AND RECOMMENDATION

ACCORDINGLY,

**I RECOMMEND** that plaintiff's Third Amended Complaint (ECF No. 27) be **DISMISSED WITHOUT LEAVE TO AMEND**.

**I FURTHER RECOMMEND** that the Clerk of Court **STRIKE** plaintiff's Third Amended Complaint from the docket in this case.

DATED: September 14, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.